UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ACE AMERICAN INSURANCE COMPANY,                    Case No. 16-cv-8773

                         Plaintiff,

                                                   **ANSWER WITH**
        -against-                                  **AFFIRMATIVE DEFENSES**
                                                   **AND COUNTERCLAIM**

AMERICAN GUARANTEE & LIABILITY
INSURANCE COMPANY,

                         Defendant.
----------------------------------------------------------------X

Defendant, American Guarantee & Liability Insurance Company ("AGLIC"), by and through its attorneys, Coughlin Duffy LLP, by way of Answer to the Complaint of plaintiff, ACE American Insurance Company ("ACE"), states:

## I.      NATURE OF THIS ACTION

1.      As paragraph "1" does not allege a factual allegation, no response is required. To the extent a response is deemed to be required, AGLIC denies the allegations in paragraph "1" except admits that that actual controversy exists between ACE and AGLIC relating to the Civil Action.

2.      As paragraph "2" does not allege a factual allegation, no response is required. To the extent a response is deemed to be required, AGLIC denies the allegations in paragraph "2" except admits that AGLIC contributed $1.5 million to resolve the Civil Action and that ACE likewise contributed money to resolve the Civil Action.

3.      As paragraph "3" does not allege a factual allegation, no response is required. To the extent a response is deemed to be required, AGLIC denies the allegations in paragraph "3" except admits that ACE seeks a declaratory judgment.

## II.   THE PARTIES

4.   AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

5.   AGLIC admits the allegations contained in paragraph "5" of the Complaint, except to note that its principal place of business is located at 1299 Zurich Way, Schaumburg, Illinois 60196.

## III.   JURISDICTION AND VENUE

6.   AGLIC admits the allegations contained in paragraph "6" of the Complaint.

7.   AGLIC admits the allegations contained in paragraph "7" of the Complaint.

8.   AGLIC admits the allegations contained in paragraph 8" of the Complaint.

## IV.   FACTUAL BACKGROUND

### A.   The Civil Action

9.   AGLIC denies the allegations in paragraph "9" of the Complaint except admits that ACE's declaratory judgment action arises from payments made to resolve the Civil Action.

10.   AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint and refers the Court to the terms of the contract between Wager Contracting and Pelham Union Free School District ("Pelham") for its terms.

11.   AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint except admits that the additional insured schedule in the NGM Policy identifies Pelham and Peter Gisolfi Associates as additional insureds.

12.   AGLIC admits the allegations contained in paragraph "12" of the Complaint.

13. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint except admits that ACE issued a policy entitled "Specific Excess Workers' Compensation and Employers' Liability Insurance Policy" to Wager Contracting under policy number WCU C45695244 ("ACE Policy").

14. As paragraph "14" does not allege a factual allegation, no response is required. To the extent a response is deemed to be required, AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14."

15. AGLIC admits the allegations contained in paragraph "15" of the Complaint.

16. AGLIC denies the allegations contained in paragraph "16" of the Complaint except admits that the trial court entered a Decision and Order dated January 11, 2016 that granted Richard Wager summary judgment against Pelham under Labor Law § 240 and that the trial court dismissed Pelham's indemnification claims against Wager Contracting up to the limit of the NGM Policy.

**B.      The NGM Primary Policy**

17. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint except admits that NGM provided a defense to Pelham under the commercial general liability policy it issued to Wager Contracting.

18. AGLIC admits the allegations contained in paragraph "18" of the Complaint.

19. AGLIC denies the allegations in paragraph "19" of the Complaint and refers the Court to the terms of the NGM Policy.

20. AGLIC admits the allegations contained in paragraph "20" of the Complaint.

21. AGLIC admits the allegations contained in paragraph "21" of the Complaint.

3

### C. The AGLIC Excess Policy

22. AGLIC admits the allegations contained in paragraph "22" of the Complaint.

23. AGLIC admits the allegations contained in paragraph "23" of the Complaint.

24. AGLIC denies the allegations in paragraph "24" of the Complaint except admits that Pelham requested additional insured status under the AGLIC Policy.

25. AGLIC admits the allegations contained in paragraph "25" of the Complaint.

26. AGLIC denies the allegations in paragraph "26" of the Complaint and refers the Court to the terms of the AGLIC Policy.

### D. The ACE Excess WC/EL Policy

27. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Complaint.

28. AGLIC admits the allegations contained in paragraph "28" of the Complaint.

29. AGLIC admits the allegations contained in paragraph "29" of the Complaint.

### E. The Settlement and the Interim Funding Agreement

30. AGLIC admits the allegations contained in paragraph "30" of the Complaint.

31. As paragraph "31" does not allege a factual allegation, no response is required. To the extent a response is deemed to be required, AGLIC denies the allegations contained in paragraph "31" of the Complaint and refers all questions of law to the Court.

32. As paragraph "32" does not allege a factual allegation, no response is required. To the extent a response is deemed to be required, AGLIC denies the allegations contained in paragraph "32" of the Complaint and refers all questions of law to the Court.

33. AGLIC admits the allegations contained in paragraph "33" of the Complaint.

34. AGLIC admits the allegations contained in paragraph "34" of the Complaint.

4

35.     AGLIC admits the allegations contained in paragraph "35" of the Complaint.

36.     AGLIC denies the allegations in paragraph "35" of the Complaint except admits that AGLIC contributed $1.5 million to a settlement of the Civil Action.

37.     As paragraph "37" does not allege a factual allegation, no response is required. To the extent a response is deemed to be required, AGLIC admits that ACE seeks a declaration that AGLIC was required to pay its policy limit.

**COUNT I – DECLARATORY JUDGMENT THAT THE AGLIC EXCESS POLICY MUST PAY ITS FULL LIMITS BECAUSE THE ANTISUBROGATION RULE PRECLUDES INDEMNIFICATION CLAIMS TO THE EXTENT OF THE COVERAGE COMMON TO BOTH PELHAM AND WAGER CONTRACTING**

38.     AGLIC repeats and reiterates each and every response set forth in paragraphs "1" through "37" of the Complaint with the same force and effect as though fully set forth herein.

39.     AGLIC denies the allegations in paragraph "38" of the Complaint except admits that the AGLIC Policy was issued to Wager Contracting and that Pelham qualified as an additional insured under the AGLIC Policy for the Civil Action.

40.     AGLIC denies the allegations in paragraph "39" of the Complaint and refers the Court to the Decision and Order and Interim Funding Agreement.

41.     As paragraph "41" does not allege a factual allegation, no response is required. To the extent a response is deemed to be required, AGLIC denies the allegations in paragraph "41" of the Complaint and refers all questions of law to the Court.

42.     As paragraph "42" does not allege a factual allegation, no response is required. To the extent a response is deemed to be required, AGLIC denies the allegations in paragraph "42" of the Complaint and refers all questions of law to the Court.

**COUNT II – DECLARATORY JUDGMENT THAT DUE TO THE ANTISUBROGATION RULE, THE AMOUNT OF THE SETTLEMENT AND AGLIC'S OBLIGATION TO PELHAM, THE HOLDING IN *TULLY CONSTRUCTION V. ILLINOIS NATIONAL INS. CO.* DOES NOT APPLY**

43. AGLIC repeats and reiterates each and every response set forth in paragraphs "1" through "42" of the Complaint with the same force and effect as though fully set forth herein.

44. As paragraph "44" does not allege a factual allegation, no response is required. To the extent a response is deemed to be required, AGLIC denies the allegations in paragraph "44" of the Complaint and refers all questions of law to the Court.

45. As paragraph "45" does not allege a factual allegation, no response is required. To the extent a response is deemed to be required, AGLIC denies the allegations in paragraph "45" of the Complaint and refers all questions of law to the Court.

46. As paragraph "46" does not allege a factual allegation, no response is required. To the extent a response is deemed to be required, AGLIC denies the allegations in paragraph "46" of the Complaint and refers all questions of law to the Court.

47. As paragraph "47" does not allege a factual allegation, no response is required. To the extent a response is deemed to be required, AGLIC denies the allegations in paragraph "47" of the Complaint and refers all questions of law to the Court.

**SEPARATE DEFENSES**

AGLIC, as and for its Separate Defenses to the Complaint, states as follows:

**FIRST SEPARATE DEFENSE**

The Complaint fails to state a claim against AGLIC on which relief can be granted.

<h2 style="text-align:center">SECOND SEPARATE DEFENSE</h2>

Coverage is or may be barred and/or limited by the applicable provisions, terms, definitions, conditions, limitation and exclusions of the AGLIC Policy and/or by public policy or express provision of law.

<h2 style="text-align:center">THIRD SEPARATE DEFENSE</h2>

AGLIC has no obligation to reimburse ACE for its contribution to the settlement of the Civil Action based on Tully Construction Co., Inc. v. Illinois National Ins. Co., 131 A.D.3d 598 (2d Dep't 2015).

<h2 style="text-align:center">FOURTH SEPARATE DEFENSE</h2>

Any obligation of AGLIC under the AGLIC policy may be limited by the existence of other insurance, which is subject to a determination as to priority of available coverage and/or a proper allocation of coverage by the Court.

<h2 style="text-align:center">FIFTH SEPARATE DEFENSE</h2>

Plaintiff's claims are barred to the extent they failed to name indispensible parties.

<h2 style="text-align:center">SIXTH SEPARATE DEFENSE</h2>

There is or may be no coverage under the AGLIC policy until and unless any and all deductibles, retentions and/or underlying or other insurance are exhausted by payments for covered claims.

<h2 style="text-align:center">SEVENTH SEPARATE DEFENSE</h2>

Any obligation of AGLIC under the AGLIC policy is limited by the existence of other insurance, and is subject to a determination as to priority of available coverage and/or a proper allocation of coverage by the Court.

**EIGHTH SEPARATE DEFENSE**

The AGLIC Policy is an umbrella liability policy which only provides coverage to a person or organization qualifying as an insured or additional insured in excess of the total applicable limits of the underlying insurance.

**NINTH SEPARATE DEFENSE**

ACE has not provided sufficient information to enable AGLIC to identify all applicable defenses, including but not limited to, any and all defenses based upon the terms, conditions, definitions, exclusions, endorsements, and limits of liability of the AGLIC policy and any other insurance. AGLIC reserves the right to assert additional defenses once discovery has been taken.

**AS AND FOR A COUNTERCLAIM AGAINST ACE**

**FACTUAL ALLEGATIONS**

1. NGM Insurance Company issued to Wager Contracting commercial general liability policy number MSV94760 for the policy period December 22, 2008 to December 22,2 009 with limits of $1,000,000 per occurrence and $2,000,000 in the aggregate ("NGM Policy")

2. The Insuring Agreement in the NGM Policy provides, in part:

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damage.
>
> .    .    .    .

3. The NGM Policy includes an Employer's Liability exclusion, which provides, in part:

> This insurance does not apply to:
>
> **e. Employer's Liability**
>
> "Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

(a) Employment by the insured; or

(b) Performing duties related to the conduct of the insured's business; or

.    .    .

This exclusion does not apply to liability assumed by the insured under an "insured contract."

4. In the action styled <u>Richard Wager v. Pelham Union Free School District, et al</u>, Index No.: 68572/2012, NGM provided a defense to Pelham as an additional insured under the NGM Policy.

5. NGM selected counsel to defend Pelham and, through this counsel, controlled Pelham's defense.

6. AGLIC issued to Wager Contracting commercial umbrella liability policy number AUC5327456-05 for the policy period December 22, 2008 to December 22, 2009 with limits of $5,000,000 per occurrence and $5,000,000 in the aggregate ("AGLIC Policy").

7. The Insuring Agreement in the AGLIC Policy provides, in part:

**SECTION I.        COVERAGE**

**A.        Coverage A – Excess Follow Form Liability Insurance**

Under **Coverage A**, we will pay on behalf of the **insured**, those damages covered by this insurance in excess of the total applicable limits of **underlying insurance**. With respect to **Coverage A**, the terms and conditions of **underlying insurance** are made a part of this policy, except with respect to:

1.        Any contrary provision contained in this policy; or

2.        Any provision in this policy for which a similar provision is not contained in **underlying insurance**.

8.      The AGLIC Policy is excess to the NGM Policy, and under Coverage A, follows form to the terms of the NGM Policy, except to the extent there exists any contrary provision in the AGLIC Policy.

9.      Pursuant to Coverage A and in light of NGM's acknowledgment that Pelham qualified as an additional insured under its policy for the Civil Action, AGLIC acknowledged that Pelham qualified as an additional insured under the AGLIC Policy for the Civil Action, subject to the conditions and limitations in the AGLIC Policy.

10.     Section III of the AGLIC Policy, titled "Defense and Supplementary Payments," provides, in part:

> A.      We have the right and duty to assume control over the investigation and settlement of any claim, or defense of any **suit** against the **insured** for damages covered by this policy:
>
> **1.**      Under **Coverage A**, when the applicable limit of **underlying insurance** has been exhausted by payment of claims for which coverage is afforded under this policy; or

11.     Under Section III, A. 1., AGLIC was not obligated to, and did not, contribute to or control Pelham's defense in the Civil Action.

12.     In the Civil Action, Pelham filed a third-party action ("Third-Party Action") against Wager Contracting, asserting claims for common law and contractual indemnification.

13.     ACE American Insurance Company issued to Wager Contracting a Specific Excess Workers' Compensation and Employers' Liability Insurance Policy to Specialty Trades Contracting and Construction Trust under policy number WC0 C45695244 for the policy period October 1, 2009 to October 1, 2010 (the "ACE Policy").

14. The ACE Policy provides unlimited coverage to Wager Contracting for claims for bodily injury, subject to a combined $1 million self-insured retention for claims falling within Parts One (Workers Compensation), Two (Employers' Liability), and Three (Voluntary Compensation) of the ACE Policy.

15. Upon information and belief, ACE agreed to defend, and did in fact defend, Wager Contracting against the Third-Party Action under the ACE Policy.

16. Upon information and belief, ACE selected the law firm Fabiani Cohen & Hall ("FCH") to defend Wager Contracting against the Third-Party Action.

17. Upon information and belief, the $1 million self-insured retention in the ACE Policy was satisfied through payment of medical and indemnity expenses under Part One of the ACE Policy.

18. In 2016, the parties to the Civil Action engaged in settlement negotiations to resolve the Civil Action.

19. In June 2016, the parties to the Civil Action agreed to a settlement of $24 million with AGLIC contributing $1.5 million on behalf of Pelham.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ACE

20. AGLIC repeats and re-alleges each and every allegation in Paragraphs 1 through 19 as if fully set forth herein.

21. AGLIC expended $1.5 million under the AGLIC Policy to settle the Civil Action on behalf of Pelham.

22. Pursuant to the Interim Funding Agreement, Pelham was entitled to contractual and common law indemnification from Wager Contracting in the Civil Action.

23. Pursuant to the trial court's Decision and Order dated January 11, 2016, Pelham's claims for common law and contractual indemnification against Wager were barred by the anti-subrogation only up to the limit of the NGM Policy.

24. As a result, Pelham was entitled to common law and contractual indemnification for any amount it, or its insurers, contributed to a settlement of the Civil Action over and above the NGM Policy.

25. In this circumstance, <u>Tully Construction Co., Inc. v. Illinois National Ins. Co.</u>, 131 A.D.3d 598 (2d Dep't 2015) requires that the entirety of Wager Contracting's liability to Pelham must be apportioned to the common law indemnification claim, notwithstanding that liability exists for contractual indemnification.

26. ACE, therefore, was and is responsible for satisfying Pelham's indemnification claim and must reimburse AGLIC the $1.5 million it contributed to the settlement, plus interest.

27. An actual and justiciable controversy exists between AGLIC and ACE regarding ACE obligation to reimburse AGLIC for its contribution to the settlement of the Civil Action.

28. A resolution of this dispute is necessary to resolve ACE's obligation to reimburse AGLIC for its contribution to the settlement of the Civil Action.

29. Therefore, AGLIC seeks a judicial determination and declaration that ACE is obligated to reimburse AGLIC for its contribution to the settlement of the Civil Action

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST ACE**

30. AGLIC repeats and re-alleges each and every allegation in Paragraphs 1 through 29 as if fully set forth herein.

31. ACE wrongfully failed to pay the entirety of the settlement in the Civil Action.

12

32.     As a direct and proximate result of ACE's failure to pay the entirety of the settlement in the Civil Action, AGLIC incurred $1.5 million in costs.

33.     Accordingly, the Court should award to AGLIC, and order ACE to pay, the $1.5 million AGLIC incurred, plus interest.

**WHEREFORE**, AGLIC respectfully requests that the Court enter judgment:

1.     Dismissing the complaint with prejudice.

2.     On the first counterclaim, for a declaration that ACE is obligated to reimburse AGLIC for its $1,500,000 contribution to the settlement of the Civil Action, plus interest.

3.     On the second counterclaim, for an award of damages against ACE in the amount of $1,500,000, plus interest.

4.     For such other and further relief as the Court deems just and proper.


Dated: New York, New York
       December 6, 2016

                                    COUGHLIN DUFFY LLP


                          By:   /s/Adam M. Smith
                                Adam M. Smith
                                Gabriel E. Darwick
                                Wall Street Plaza, 28th Floor
                                88 Pine Street
                                New York, New York 10005
                                (212) 483-0105
                                asmith@coughlinduffy.com
                                gdarwick@coughlinduffy.com
                                *Attorneys for Defendant*
                                *American Guarantee & Liability*
                                *Insurance Company*

**CERTIFICATE OF SERV ICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing **Answer** was served this 6th day of December, 2016 via this Court's electronic filing system on all counsel of record.

/s/Adam M. Smith
Adam M. Smith