Kevin J. Fee (KF-8818)
Amy C. Gross (AG-8836)
DUANE MORRIS LLP
1540 Broadway
New York, New York 10036-4086
E-mail: kjfee@duanemorris.com
E-mail:acgross@duanemorris.com
Phone: 212-692-1049
Phone: 212-471-1806
Fax: 212-692-1020

Lewis R. Olshin (Admitted Pro Hac Vice)
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
E-mail:olshin@duanemorris.com
Phone: 215-979-1129
Fax: 215-689-3622

Attorneys for Plaintiff
ACE American Insurance Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY<br><br>       Plaintiff,<br><br>  v.<br><br>AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY<br><br>       Defendant. | Case No.: 16-CV-8773<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF ACE AMERICAN INSURANCE COMPANY TO THE COUNTERCLAIMS OF AMERICAN GUARANTEE & LIABILITY <u>INSURANCE COMPANY</u>**<br><br>Judge: Hon. Jed S. Rakoff<br>Complaint Filed: 11/11/2016 |

DM1\7434070.1

ACE American Insurance Company ("ACE") through its counsel Duane Morris LLP, files the following Answer and Affirmative Defenses to the Counterclaims (the "Counterclaims") of American Guarantee & Liability Insurance Company ("AGLIC") as follows (paragraphs 1-33 respond to the correspondingly-numbered paragraphs in the Counterclaims):

1.    Admitted in part; denied in part.  ACE admits only so much of the allegations as alleged that NGM Insurance Company ("NGM") issued to Wager Contracting, Inc. ("Wager Contracting") a general liability insurance policy number MSV94760 ("NGM Primary Policy") which insured Wager Contracting and, as relevant here, named Pelham Union Free School District ("Pelham") and Peter Gisolfi Associates ("Gisolfi") as additional insureds. The NGM Primary Policy is a writing the terms and conditions of which speak for themselves and ACE refers the Court to that document for its full contents.  By way of further response, ACE incorporates by reference paragraphs 11, and 17 through 21, inclusive, of its Complaint filed November 11, 2016 (the "Complaint").

2.    Admits that AGLIC has accurately quoted a portion of the NGM Primary Policy but states that the NGM Primary Policy is a writing the terms and conditions of which speak for themselves and ACE refers the Court to that document for its full contents.  By way of further response, ACE incorporates by reference paragraph 19 of its Complaint.

3.    Denies and states that the NGM Primary Policy is a writing the terms and conditions of which speak for themselves and ACE refers the Court to that document for its full contents.  By way of further response, ACE incorporates by reference paragraphs 20-21 of its Complaint.

4.    Admitted in part; denied in part.  ACE admits only so much of the allegations of this paragraph as allege that in the action styled Richard Wager v. Pelham Union Free School

District, et al. Index No,: 68572/2012 (the "Civil Action"), NGM was involved in providing a defense to both Pelham and Gisolfi as additional insureds under the NGM Primary Policy and also provided, and then contributed to, the defense of Wager Contracting under the NGM Primary Policy.  By way of further response, ACE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations relating to the actual defense arrangements between NGM and its additional insureds Pelham and Gisolfi and/or whether NGM "controlled" Pelham's defense.  However, as relevant to the Complaint and the Counterclaims, NGM's remaining primary limits were exhausted when NGM paid $529,166.62 toward the Settlement of the Civil Action.  See Complaint at paragraph 17 which ACE incorporates herein by reference.

5.      Admitted in part; denied in part.  ACE admits only so much of the allegations of this paragraph as allege that in the Civil Action, NGM was involved in providing a defense to both Pelham and Gisolfi as additional insureds under the NGM Primary Policy and also provided, and then contributed to, the defense of Wager Contracting under the NGM Primary Policy.  By way of further response, ACE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations relating to the actual defense arrangements between NGM and its additional insureds Pelham and Gisolfi and/or whether NGM "controlled" Pelham's defense.  However, as relevant to the Complaint and the Counterclaims, NGM's remaining primary limits were exhausted when NGM paid $529,166.62 toward the Settlement of the Civil Action.  See Complaint at paragraph 17 which ACE incorporates herein by reference.

6.      Admitted.

DM1\7434070.1

7.      Admits that AGLIC has accurately quoted a portion of the AGLIC Policy but further states that the AGLIC Policy is a writing the terms and conditions of which speak for themselves and refers the Court to that document for its full contents.

8.      Admitted in part; denied in part.  ACE admits only so much of the allegations set forth in paragraph 8 as allege that the AGLIC Policy is excess to the NGM Policy, and under Coverage A, follows form to the terms of the NGM Policy.  ACE denies that there exists any contrary provision in the AGLIC Policy.  In Coverage A of the AGLIC Policy there is no separate Employee Injury exclusion applicable.

9.      Admitted in part; denied in part.  ACE admits only so much of the allegations set forth in paragraph 9 of the Counterclaims as allege that AGLIC acknowledged that Pelham was an additional insured under the AGLIC Policy.  ACE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 of the Counterclaims, except that upon information and belief ACE understands that prior to the execution of the Interim Funding Agreement (see paragraph 2 of the Complaint) counsel for AGLIC and counsel for Pelham exchanged correspondence related to AGLIC's coverage position.

10.     Admits that AGLIC has accurately quoted a portion of the AGLIC Policy but further states that the AGLIC Policy is a writing the terms and conditions of which speak for themselves and refers the Court to that document for its full contents.

11.     Admitted in part; denied in part.  ACE admits only so much of the allegations set forth in paragraph 11 of the Counterclaims as allege that AGLIC did not contribute to Pelham's defense in the Civil Action.  ACE is without knowledge or information sufficient to form a belief

4

as to the truth of the remaining allegations of paragraph 11 of the Counterclaims.  Further, some of the remaining allegations contain conclusions of law to which no response is required.

12.    Admitted, except the Third-Party Action of Pelham was also filed against Gisolfi and certain other design professionals not relevant here.  See paragraph 14 of the Complaint.

13.    Admitted in part; denied in part.  ACE admits only so much of the allegations set forth in paragraph 13 of the Counterclaims as allege that ACE issued a Specific Excess Workers' Compensation and Employers' Liability Insurance Policy No. WCU C45695244 to Special Trades. The ACE Excess WC/EL Policy insured Wager Contracting, subject to the terms and conditions of the ACE Excess WC/EL Policy.  The remaining allegations of paragraph 13 of the Counterclaim are denied.

14.    Admitted in part; denied in part.  ACE admits only so much of the allegations set forth in paragraph 14 of the Counterclaims as allege that the ACE Excess WC/EL Policy contains a New York Endorsement which, as relevant here,  provides unlimited employers' liability coverage for "Ultimate Net Loss" in excess of the $1,000,000 combined workers' compensation and employers' liability retention.  The employers' liability coverage in the ACE Excess WC/EL Policy excludes coverage for liability assumed under contract.  See paragraph 28 of the Complaint.  The remaining allegations of paragraph 14 of the Counterclaim are denied.

15.    Admitted in part; denied in part.  ACE admits only so much of the allegations as allege that in November of 2014, the law firm of Fabiani Cohen & Hall LLP was recommended by ACE pursuant to Part Two, F., of the ACE Excess WC/EL Policy, and with the consent of the third party administrator and authorized representative for the Special Trades Constructing and Construction Trust, Safe LLC, defended Wager Contracting against the Third Party Action.  At the time of the defense by Fabiani Cohen & Hall LLP, the $1,000,000 retention under the ACE

DM1\7434070.1

Excess WC/EL Policy had been satisfied.   The remaining allegations are denied.  By way of further response, prior to November of 2014, Ricardo Baez, Esquire had been assigned by the third party administrator and authorized representative for the Special Trades Constructing and Construction Trust, Safe LLC, to represent the interests of Wager Contracting. After November of 2014, attorneys at Fabiani Cohen & Hall LLP reported to representatives of ACE, NGM, Special Trades Constructing and Construction Trust, Safe LLC and AGLIC (Barbara Picinich), with respect to the developments in the Civil Action and the Third Party Action.  Pursuant to Section III. A. of the Interim Funding Agreement, AGLIC consented to ACE instructing defense counsel for Wager Contracting to conclude the Settlement.

16.    Admitted in part; denied in part.  ACE admits only so much of the allegations as allege that in November of 2014, the law firm of Fabiani Cohen & Hall LLP was recommended by ACE pursuant to Part Two, F., of the ACE Excess WC/EL Policy, and with the consent of the third party administrator and authorized representative for the Special Trades Constructing and Construction Trust, Safe LLC,  defended Wager Contracting against the Third Party Action.  At the time of the defense by Fabiani Cohen & Hall LLP, the $1,000,000 retention under the ACE Excess WC/EL Policy had been satisfied.   The remaining allegations are denied.  By way of further response, prior to November of 2014, Ricardo Baez, Esquire had been assigned by the third party administrator and authorized representative for the Special Trades Constructing and Construction Trust, Safe LLC, to represent the interests of Wager Contracting. After November of 2014, attorneys at Fabiani Cohen & Hall LLP reported to representatives of ACE, NGM, Special Trades Constructing and Construction Trust, Safe LLC and AGLIC (Barbara Picinich), with respect to the developments in the Civil Action and the Third Party Action.  Pursuant to

6

DM1\7434070.1

Section III. A. of the Interim Funding Agreement, AGLIC consented to ACE instructing defense counsel for Wager Contracting to conclude the Settlement.

17.     Denied.  By way of further response, as a result of the injuries suffered by Richard Wager, the $1,000,000 combined WC/EL retention under the ACE Excess WC/EL Policy had been satisfied and indeed exceeded.  See Complaint at 29.

18.     Admitted.

19.     Admitted in part; denied in part.  ACE admits only so much of the allegations set forth in paragraph 19 of the Counterclaims as allege that in June 2016 the parties to the Civil Action agreed to a settlement of $24 million (the "Settlement") and that AGLIC contributed $1.5 million to the total settlement on behalf of Pelham.  It is denied that the parties agreed that the $1.5 million paid by AGLIC was its appropriate contribution.   To the contrary, Pelham and ACE took the position that AGLIC should have contributed its $5 million limit of liability to the Settlement.  In order to fund the Settlement of the Civil Action, ACE and AGLIC entered into the Interim Funding Agreement.   AGLIC's appropriate contribution to the Settlement is subject to the Interim Funding Agreement.   See Complaint.

## ACE's Answer to the First Cause of Action Against ACE

20.     ACE repeats and re-alleges each and every allegation in Paragraphs 1 through 19, inclusive, of this Answer as if fully set forth herein.

21.     Denied as stated.  It is admitted only that AGLIC made a payment of $1.5 million pursuant to the terms and conditions of the Interim Funding Agreement to settle the Civil Action. The remaining allegations are denied.

22.     Admitted.

23.     Denied.

DM1\7434070.1

24.     Denied.

25.     Denied. ACE incorporates by reference paragraph 46 of its Complaint setting forth why Tully Construction v. Illinois National Ins. Co., 131 A.D. 3d 598 (2d Dep't 2015) does not apply. The more relevant precedent is Hawthorne v. South Bronx Community Corp. et. al., 78 N.Y. 2d 433, 582 N.E. 2d 586 (N.Y. Ct. Appeals 1981).

26.     Denied.

27.     Admitted in part; denied in part. ACE admits only so much of the allegations set forth in paragraph 27 of the Counterclaims as allege that the actual and justiciable controversy exists with respect to the respective rights and obligations as between ACE and AGLIC pursuant to the terms of the Interim Funding Agreement and whether AGLIC has an obligation to pay ACE an additional $3.5 million plus interest.  ACE denies any obligation to reimburse AGLIC for its contribution to the Settlement.

28.     Admitted in part; denied in part. ACE admits only so much of the allegations set forth in paragraph 28 of the Counterclaims as allege that a resolution of the dispute is necessary with respect to the respective rights and obligations as between ACE and AGLIC pursuant to the terms of the Interim Funding Agreement and whether AGLIC has an obligation to pay ACE an additional $3.5 million plus interest.  ACE denies any obligation to reimburse AGLIC for its contribution to the Settlement.

29.     Denied, except admits that AGLIC seeks a declaratory judgment. ACE denies any obligation to reimburse AGLIC for its contribution to the Settlement.

### ACE's Answer to the Second Cause of Action Against ACE

30.     ACE repeats and re-alleges each and every allegation in Paragraphs 1 through 29, inclusive, of this Answer as if fully set forth herein.

8

31.     Denied. Under no circumstances was ACE required to pay the "entirety of the settlement of the Civil Action."  Pursuant to the Interim Funding Agreement, the only issue properly before the Court is whether AGLIC has an obligation to pay ACE an additional $3.5 million plus interest or whether ACE has an obligation to return AGLIC's Interim Funding Payment of $1.5 million.  ACE denies any obligation to reimburse AGLIC for its contribution to the Settlement.

32.     Denied.

33.     Denied.  To the contrary, the Court should award ACE an additional $3.5 million plus interest.

## FIRST AFFIRMATIVE DEFENSE

AGLIC  and ACE entered into the Interim Funding Agreement on or about June 21, 2016.  Each of AGLIC and ACE were represented by counsel in the negotiation and drafting of the Interim Funding Agreement.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to Section I. of the Interim Funding Agreement AGLIC represented and warranted that it consented to the Settlement.

## THIRD AFFIRMATIVE DEFENSE

Pursuant to Section III. A. of the Interim Funding Agreement AGLIC consented to ACE instructing defense counsel for Wager Contracting to conclude the Settlement.

## FOURTH AFFIRMATIVE DEFENSE

Pursuant to Section II of the Interim Funding Agreement each of ACE and AGLIC represented and warranted that except for those issues reserved in Section V of the Interim Funding Agreement, all conditions precedent to coverage, to the extent any have been asserted and/or exist,

under the AGLIC Excess Policy and/or the ACE Excess WC/EL Policy, have been satisfied.  Each

of ACE and AGLIC further warrant, represent and agree that no such condition precedent to

coverage, to the extent any exist, will be raised.

## FIFTH AFFIRMATIVE DEFENSE

Any issues raised by AGLIC with respect to the defense of the Civil Action and or the

Third Party Action are barred by the doctrines of waiver and/or estoppel.

## SIXTH AFFIRMATIVE DEFENSE

ACE asserts all of its rights and defenses pursuant to and under the ACE Excess WC/EL
Policy.

WHEREFORE, plaintiff, ACE, respectfully requests and prays that this Court:

a.      Dismiss AGLIC's Counterclaims;

b,      Grant ACE the relief requested in the Complaint; and

c.      Grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
       December 20, 2016

Respectfully submitted,

DUANE MORRIS LLP

By:____/s/Kevin J. Fee_____
        Kevin J. Fee (KF-8818)
        Amy C. Gross (AG-8836)
        Lewis R. Olshin
        (Admitted Pro Hac Vice)
Attorneys for Plaintiff
ACE American Insurance Company

10